



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE CHEFS' WAREHOUSE, INC. and
DAIRYLAND USA, CORP.,

           Plaintiff,

v.

BALDOR SPECIALTY FOODS, INC. and
GARY DOTTEN,

           Defendants.

Case No.: 1:17-cv-9432 (LAK) (KNF)

**STIPULATION OF SETTLEMENT
AND DISMISSAL WITH PREJUDICE
AS TO DEFENDANT BALDOR ONLY**

      This Stipulation of Settlement and Dismissal (the "Stipulation") is between Plaintiffs The Chefs' Warehouse, Inc. and Dairyland USA, Corp. (collectively, "Chefs' Warehouse") and Defendant Baldor Specialty Foods, Inc. ("Baldor"). This Stipulation shall be effective on the date in which it is So-Ordered by the Court (the "Effective Date").

## RECITALS

A.   WHEREAS, Plaintiffs The Chefs' Warehouse, Inc. and Dairyland USA, Corp. (collectively, "Chefs' Warehouse") hired Defendant Gary Dotten ("Dotten") in or about May 2015;

B.   WHEREAS, the Complaint in this action alleges that, as part of his employment with Chefs' Warehouse, Dotten had access to confidential and proprietary information about Chefs' Warehouse, its customers, employees, subcontractors, vendors, suppliers, referral sources and its owners' officers, including, but not limited to, customer names and other information, financial information pertaining to customers and/or Chefs' Warehouse and its owners, officers and employees, referral sources, business information, personal information pertaining to its owners, officers and employees, mailing lists, reports, files, memoranda, computer records, manuals, marketing material and strategies (the "Confidential and Proprietary Information");

C.   WHEREAS, Dotten and Chefs' Warehouse entered into a Employee Confidentiality, Non-Solicit, Non-Interference and Non-Compete Agreement dated January 6, 2016, (the "Agreement").

D.   WHEREAS, the Agreement provides, among other things, that Dotten may not, directly or indirectly: (1) "become employed by, advise, render services to, consult, or do business with any of the following competitors of the company or similar businesses which, directly or indirectly, compete with the Company, now or in the future," including Defendant Baldor Specialty Foods, Inc. ("Baldor"); (2) "solicit or encourage any

customer or referral source of the Company to cease doing business with or reduce their business with the Company;" (3) solicit "any customer or referral source of the Company on behalf of any food products or business that competes with the Company anywhere in the United States;" (4) must "keep all information regarding the Company and its business confidential at all times," "must not disclose the Confidential Information to any third party during or after Employee's period of employment with the Company;" and (5)"shall immediately deliver to the Company all property and materials belonging to the Company in the Employee's possession or under the Employee's control, including, but not limited to, all Confidential Information of the Company and any documents or materials that describe or refer to such Confidential Information, upon termination of Employee's period of employment with the Company or whenever otherwise directed by the Company;"

E. WHEREAS, in or about October 2017, Dotten resigned from his employment with Chefs' Warehouse and then began working for Baldor;

F. WHEREAS, Chefs' Warehouse filed a complaint (the "Complaint") on December 1, 2017 against Dotten and Baldor asserting a number of claims including, among other things, Trade Secret Misappropriation under 18 U.S.C. §§ 1836 et seq. and various New York State claims;

G. WHEREAS, after learning of filing of the Complaint by Chefs' Warehouse, Baldor terminated Dotten's employment with Baldor;

H. WHEREAS, none of the parties to the above-captioned action is an infant or incompetent person; and

I. WHEREAS, without admission of liability, Chefs' Warehouse and Baldor are interested in resolving this action as to Baldor and discontinuing the action as to Baldor only, on the terms set forth herein.

## STIPULATIONS

**IT IS HEREBY STIPULATED AND AGREED** by and between the parties and/or their respective counsel as follows:

1. Baldor its parents, subsidiaries and affiliates, agents, successors and assigns will not, directly or indirectly, employ Dotten on or before April 6, 2018.

2. Baldor, its parents, subsidiaries and affiliates, agents, and each of their respective directors, officers, members employees, successors and assigns, will not directly or indirectly, use and/or disclose any Confidential and Proprietary Information that it obtained, directly or indirectly, from Dotten.

3. On or before seven (7) days after the Effective Date, Baldor, its parents, subsidiaries and affiliates, agents, and each of their respective directors, officers, members employees, successors and assigns, will: (a) return all copies of any documents within its possession, custody or control which contain Confidential and Proprietary Information or Trade

Secrets; and (b) represent, in writing, to Chefs' Warehouse that all such documents have been returned, or, that there are none in Baldor, its parents, subsidiaries and affiliates, agents, and each of their respective directors, officers, members employees, successors and assigns' possession, custody or control.

4. Upon timely completion of obligations set forth in Paragraph 3 above and conditioned upon the consideration extended in Paragraphs 1-3 above, this action shall be dismissed and discontinued as against Baldor with prejudice, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

5. Baldor agrees that the obligations set forth in Paragraphs 1, 2 and 3 of this Stipulation are material to Chefs' Warehouse and the failure of Baldor to satisfy such obligations would constitute a material breach of the Stipulation.

6. This Stipulation will not impact Chefs' Warehouse's claims against Dotten, which shall survive and continue.

7. This Stipulation sets forth the full agreement and entire understanding between Baldor and Chefs' Warehouse with respect to the subject matter hereof. No amendment, change or modification of any provision of this Stipulation, or any waiver of any term or provision hereof, shall be effective unless in writing signed by the Party to be charged therewith.

8. This Stipulation shall bind and inure to the benefit of the principals, agents, parents, subsidiaries, representatives, affiliates, successors, heirs and assigns of Chefs' Warehouse and Baldor. Baldor may not assign or delegate this Stipulation or any of the rights, interests or obligations thereunder, in whole or in part, by contract, reorganization, change of control, amalgamation, merger, consolidation, dissolution, operation of law or otherwise, without Chefs' Warehouse's express prior written consent. Any assignment or delegation obtained without Chefs' Warehouse's express prior written consent shall be null and void, and shall constitute a material breach of this Stipulation.

9. This agreement may be signed in any number of counterparts.

| REED SMITH LLP | CLIFTON BUDD & DeMARIA, LLP |
|---|---|
| By: _____<br>Casey D. Laffey<br>Ian M. Turetsky<br>599 Lexington Avenue<br>New York, New York 10022<br>Telephone:   (212) 521-5400<br>claffey@reedsmith.com<br>ituretsky@reedsmith.com | By: _____<br>Alfred T. DeMaria<br>The Empire State Building<br>350 Fifth Avenue, 61st Floor<br>New York, NY 10118<br>Telephone:   (212) 687-7410<br>Facsimile:   (212) 212-687-3285<br>atdemaria@cbdm.com |
| *Attorneys for Plaintiffs The Chefs' Warehouse, Inc. and Dairyland USA, Corp.* | *Attorneys for Defendant Baldor Specialty Foods, Inc.* |

SO ORDERED

_____
LEWIS A. KAPLAN, USDJ

1/3/18

- 3 -