DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1-19-18

RECEIVED
JAN 17 2018
JUDGE KAPLAN'S CHAMBERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE CHEFS' WAREHOUSE, INC. and DAIRYLAND USA, CORP., Plaintiff, v. BALDOR SPECIALTY FOODS, INC. and GARY DOTTEN, Defendants. | Case No.: 1:17-cv-9432 (LAK) (KNF)<br><br>**STIPULATION OF SETTLEMENT AS TO DEFENDANT GARY DOTTEN** |

This Stipulation of Settlement and Dismissal (the "Stipulation") is between Plaintiffs The Chefs' Warehouse, Inc. and Dairyland USA, Corp. (collectively, "Chefs' Warehouse") and Defendant Gary Dotten ("Dotten"). This Stipulation shall be effective on the date in which it is So-Ordered by the Court (the "Effective Date").

## RECITALS

A. WHEREAS, Plaintiffs The Chefs' Warehouse, Inc. and Dairyland USA, Corp. (collectively, "Chefs' Warehouse") hired Defendant Gary Dotten ("Dotten") in or about May 2015;

B. WHEREAS, the Complaint in this action alleges that, as part of his employment with Chefs' Warehouse, Dotten had access to confidential and proprietary information about Chefs' Warehouse, its customers, employees, subcontractors, vendors, suppliers, referral sources and its owners' officers, including, but not limited to, customer names and other information, financial information pertaining to customers and/or Chefs' Warehouse and its owners, officers and employees, referral sources, business information, personal information pertaining to its owners, officers and employees, mailing lists, reports, files, memoranda, computer records, manuals, marketing material and strategies (the "Confidential and Proprietary Information");

C. WHEREAS, Dotten and Chefs' Warehouse entered into a Employee Confidentiality, Non-Solicit, Non-Interference and Non-Compete Agreement dated January 6, 2016, (the "Agreement").

D. WHEREAS, the Agreement provides, among other things, that Dotten may not, directly or indirectly: (1) "become employed by, advise, render services to, consult, or do business with any of the following competitors of the company or similar businesses which, directly or indirectly, compete with the Company, now or in the future," including Defendant Baldor Specialty Foods, Inc. ("Baldor"); (2) "solicit or encourage any



customer or referral source of the Company to cease doing business with or reduce their business with the Company;" (3) solicit "any customer or referral source of the Company on behalf of any food products or business that competes with the Company anywhere in the United States;" (4) must "keep all information regarding the Company and its business confidential at all times;" "must not disclose the Confidential Information to any third party during or after Employee's period of employment with the Company;" and (5)"shall immediately deliver to the Company all property and materials belonging to the Company in the Employee's possession or under the Employee's control, including, but not limited to, all Confidential Information of the Company and any documents or materials that describe or refer to such Confidential Information, upon termination of Employee's period of employment with the Company or whenever otherwise directed by the Company;"

E. WHEREAS, in or about October 2017, Dotten resigned from his employment with Chefs' Warehouse and then began working for Baldor;

F. WHEREAS, Chefs' Warehouse filed a complaint (the "Complaint") on December 1, 2017 against Dotten and Baldor asserting a number of claims including, among other things, Trade Secret Misappropriation under 18 U.S.C. §§ 1836 et seq. and various New York State claims;

G. WHEREAS, after learning of filing of the Complaint by Chefs' Warehouse, Baldor terminated Dotten's employment with Baldor;

H. WHEREAS, none of the parties to the above-captioned action is an infant or incompetent person; and

I. WHEREAS, without admission of liability, Chefs' Warehouse and Dotten are interested in resolving this action as to Dotten and discontinuing the action as to Dotten only, on the terms set forth herein.

## STIPULATIONS

**IT IS HEREBY STIPULATED AND AGREED** by and between the parties and/or their respective counsel as follows:

1. On or before seven (7) days after the Effective Date, Dotten (and any of his agents or anyone acting under his control) will: (a) return all copies of any documents within his possession, custody or control which contain Confidential and Proprietary Information, including, but not limited to, customer lists; and (b) represent, in writing, to Chefs' Warehouse that all such documents have been returned, or, that there are none in Dotten's possession, custody or control.

2. Dotten reaffirms and agrees that the Agreement is reasonable and enforceable and agrees to comply with the terms of the Agreement.

3. Upon timely completion of the obligations set forth in Paragraph 1 and 2 above, and conditioned upon the consideration extended in Paragraphs 1 and 2 above, this action





shall be dismissed and discontinued as against Dotten with prejudice, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

4. Dotten agrees that the obligations set forth in Paragraphs 1-2 of this Stipulation are material to Chefs' Warehouse, and the failure of Dotten to satisfy such obligations would constitute a material breach of the Stipulation.

5. This Stipulation sets forth the full agreement and entire understanding between Dotten and Chefs' Warehouse with respect to the subject matter hereof. No amendment, change or modification of any provision of this Stipulation, or any waiver of any term or provision hereof, shall be effective unless in writing signed by the Party to be charged therewith. Moreover, this Stipulation shall not alter, amend, or modify the terms of the Agreement in any way.

6. This Stipulation shall bind and inure to the benefit of the principals, agents, parents, subsidiaries, representatives, affiliates, successors, heirs and assigns of Chefs' Warehouse and Dotten. Dotten may not assign or delegate this Stipulation or any of the rights, interests or obligations thereunder, in whole or in part, by contract, reorganization, change of control, amalgamation, merger, consolidation, dissolution, operation of law or otherwise, without Chefs' Warehouse's express prior written consent. Any assignment or delegation obtained without Chefs' Warehouse's express prior written consent shall be null and void, and shall constitute a material breach of this Stipulation.

7. In any legal action to enforce, construe or interpret this Stipulation in which Chefs' Warehouse is the prevailing party, Chefs' Warehouse shall be entitled to, and Dotten agrees to pay, the reasonable attorneys' fees and other legal expenses of Chefs' Warehouse, in addition to any other relief as may be granted in Chefs' Warehouse's favor.

8. This Stipulation, and all claims or causes of action (whether in contract, tort or statute) that may be based upon, arise out of or relate to this Stipulation, or the negotiation, execution or performance of this Stipulation (including any claim or cause of action based upon, arising out of or related to any representation or warranty made in or in connection with this Stipulation or as an inducement to enter into this Stipulation), shall be governed by, and enforced in accordance with, the internal laws of the State of New York, including its statutes of limitations.

9. This Stipulation may be signed in counterparts with the same effect as if the signatures to each counterpart were upon a single instrument, and all such counterparts together shall be deemed an original of this Stipulation. For purposes of this Stipulation, a facsimile copy of a party's signature shall be sufficient to bind such party.





**REED SMITH LLP**

By: ____________________
Casey D. Laffey
Ian M. Turetsky
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 521-5400
claffey@reedsmith.com
ituretsky@reedsmith.com

*Attorneys for Plaintiffs The Chefs' Warehouse, Inc. and Dairyland USA, Corp.*

**LAW OFFICES OF HOWARD STERN**

By: ____________________
Howard Stern
2 William Street, Suite 509
White Plains, New York 10601
Telephone: (914) 683-0505
Facsimile: (914) 683-0508
info@howardstern-esq.com

*Attorneys for Defendant Gary Dotten*

**SO ORDERED:** 19

Dated: January 19, 2018
New York, New York

____________________
The Hon. Lewis A. Kaplan, U.S.D.J.